UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| DONNA LAZZARA; et al., ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> MAGGIANO'S HOLDING CORPORATION, ) <br> ) <br> Defendant. ) <br> ) | 2:12-CV-1772-LRH-VCF <br><br> ORDER |

Before the court is defendant Maggiano's Holding Company ("MHC"), doing business as Maggiano's Little Italy, supplement to the petition for removal. Doc. #11.[1]

Plaintiffs Donna and Frank Lazzara ("the Lazzaras") initiated the present action against MHC. On October 9, 2012, MHC removed this action to federal court on the basis of diversity jurisdiction. Doc. #1.

On October 29, 2012, the court reviewed the removal petition and held that it was not clear from the complaint that the amount in controversy had been met. Doc. #9. The court granted defendants twenty days to establish the amount in controversy by submitting summary judgment type evidence to the court. *Id*. Thereafter, MHC filed the present supplement to its petition for removal (doc. #11) and a supplement to brief in support of removal (#14).

---

[1] Refers to the court's docket

1   MHC argues that the amount in controversy has been met because, although Donna Lazzara
2   has only suffered roughly $41,000 in medical bills, she is expected to need ongoing medical
3   treatment. *See* Doc. #11. Therefore, MHC argues that because Donna Lazzara has not concluded
4   treatment, this matter is anticipated to exceed the minimum threshold of $75,000. *Id*.

5   The court has reviewed MHC's supplement for removal and finds that MHC has not
6   established that the amount in controversy has been met. Generally, the amount in controversy may
7   be satisfied by all of a plaintiff's claims for damages. *See Kroske v. U.S. Bank Corp.*, 432 F.3d 976,
8   980 (9th Cir. 2005). However, the mere possibility of future damages, including ongoing medical
9   treatment, is not sufficient to prove that the amount in controversy has been met. In order to meet
10  their burden for removal, MHC must present evidence indicating the amount of future medical
11  treatment that the Donna Lazzara seeks will, more likely than not, exceed the amount needed to
12  increase the amount in controversy to $75,000. *See e.g., Gaus v. Miles, Inc.*, 980 F.2d 564, 567 (9th
13  Cir. 1992).

14  Here, MHC has failed to provide the court with sufficient evidence to establish that the
15  amount in controversy will be exceeded by ongoing medical treatment. It has not shown that such
16  an award of damages is a supportable claim in this action, nor has it established that damages
17  related to future medical treatment, if awarded, are more likely than not to exceed the jurisdictional
18  threshold. Thus, MHC has failed to meet its burden to prove that the amount in controversy has
19  been met. Accordingly, the matter shall be remanded for lack of jurisdiction.

20  IT IS THEREFORE ORDERED that the present action, case no. 2:12-cv-1772-LRH-VCF,
21  is REMANDED to the Eighth Judicial District Court for Clark County, Nevada.

22  IT IS SO ORDERED.
23  DATED this 4th day of December, 2012.

LARRY R. HICKS
UNITED STATES DISTRICT JUDGE